## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

ROBERT LAWRENCE NOUWEN,           :

    Petitioner,                              :

vs.                                                  : CRIMINAL ACTION NO. 12-0269-WS-C

UNITED STATES OF AMERICA,      : CIVIL ACTION NO. 14-0492-WS-C

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, Robert Lawrence Nouwen, has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 41). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(b). Following  consideration of all relevant pleadings in the case, it is recommended that Nouwen's § 2255 motion be summarily **DISMISSED**.

## FINDINGS OF FACT

On October 25, 2012, Nouwen was indicted on one count of knowingly possessing and attempting to possess images of child pornography that were mailed, shipped and transported "in and affecting interstate commerce[,]" in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 1.)[1] Written notice of intent to plead guilty was filed on December 11, 2012 (Doc. 8) and Nouwen entered a counseled guilty plea to Count One of the indictment on December 17, 2012 (Doc. 36). Four days prior to entry of his guilty plea, petitioner endorsed both his plea agreement with the government and the factual

---

[1]     Count Two of the indictment seeks forfeiture of all property used or intended to be used to commit or promote the commission of the offense alleged in Count One. (*See id.* at 1-2.)

resume. (Doc. 11, at 10; *see also id.*, Attached Factual Resume, at 3.) The factual resume

reads, in relevant part, as follows:

> In October of 2010, [the] United States Inspection Service and the Toronto Police Service began an investigation into a movie production company that operated a website offering DVDs and streaming videos for sale. The majority of the films feature young boys and were marketed as "naturist films."
>
> Investigators accessed the Toronto company's website (azovfilms.com) and were able to review film previews, website movie summaries and customer ordering information. On six occasions between February and April 2011, investigators made six controlled purchases of DVDs from the online ordering system. The videos were reviewed and contained the visual depiction of minor boys engaged in lascivious exhibition of the genitals.
>
> Based on this information, investigators got a search warrant for the Toronto company and seized DVDs, photos, computers and business records. Records revealed that Robert Nouwen, 5235 Avalon Drive, Mobile, Alabama, on seven occasions between January 17, 2011 and April 26, 2011 ordered child pornography from the website spending a total of $188.00.
>
> On September 19, 2012, a search warrant was executed at defendant's residence. During the search, defendant waived his Miranda rights and talked to investigators. He admitted ordering the videos of child pornography from the website. The videos were placed in the stream of mail of the United States mail and traveled from Toronto, Canada to Mobile, Alabama. He claimed that he destroyed the videos, which contained the depiction of prepubescent minor boys engaged in lascivious exhibition of the genitals, after he viewed them.

(*Id.* at 2-3.) The plea agreement signed by Nouwen contains a limited waiver of the right

to appeal and a waiver of collateral attack. (Doc. 11, at 7-8.)

> 24.     As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence . . . in any district court or appellate court proceedings.
>
>> a.     **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

> (1) any sentence imposed in excess of the statutory maximum;[2]
>
> (2) any sentence which constitutes an upward departure or variance from the advisory guideline range.

(*Id.* (footnote added); *see also* Doc. 36, Guilty Plea Transcript, at 6 ("THE COURT: Under some circumstances, you and the United States each may have the right to appeal any sentence the judge imposes. You also have the right to waive your right to appeal, and I see by your plea agreement that you are waiving your right to appeal any sentence imposed with the following exceptions: And that would be any punishment in excess of the statutory maximum, any punishment constituting an upward departure of the guideline range, and any claim of ineffective assistance of counsel. Do you understand that? DEFENDANT: Yes, sir.").) Indeed, Nouwen specifically acknowledged by signing the plea agreement that if he received a sentence within or below the advisory guideline range, the agreement would serve as his "express directive to defense counsel to timely file a 'Notice of Non-Appeal' following sentencing, signed by the defendant." (Doc. 11, at ¶ 27.)

Following entry of his counseled guilty plea on December 17, 2012 (Doc. 36, at 1-9), Nouwen was allowed to remain on conditions of release pending sentencing (*id.* at 10-11). In the Presentence Investigation Report, the probation officer summarized the contents of two of the videos ordered by Nouwen (Doc. 15, at ¶¶ 10-12),[3] as well as the typed sworn statement Nouwen provided to investigators on September 26, 2012 (*id.* at

---

[2]     The statutory maximum punishment Nouwen faced for violating 18 U.S.C. § 2252A(a)(5)(B) was a term of imprisonment of 10 years (*see, e.g.,* Doc. 36, Guilty Plea Transcript, at 4).  18 U.S.C. § 2252A(b)(2) ("Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both[.]").

[3]     These videos depicted the genitals of boys ranging in age from 8-10 to 14-16. (*See id.*)

¶¶ 18-24).[4] This sworn statement set forth Nouwen's history of sexual activities with minors, which started at age 23 (for the 82-year-old defendant) and lasted at least until petitioner reached his early 40s, and included the defendant's admissions that he fondled the genitals of numerous boys and had anal sex with one boy. (*See id.* at ¶¶ 19-24.) In addition to the foregoing, Nouwen's oldest son, Robert Nouwen, Jr., advised Postal Inspector David Dirmeyer that his father molested him from age 5 to age 15. (*Id.* at ¶ 25.)

Based upon all relevant matters contained in the Presentence Investigation Report, Nouwen's base offense level of 18 (*id.* at ¶ 33) was increased a total of 12 levels, including: (1) a two level increase because the material (videos) "involved a prepubescent minor or a minor who had not attained the age of 12 years," (*id.* at ¶ 34); (2) a five level increase based upon the defendant's admission that "he sexually abused numerous minor boys over the course of approximately 20 years[]" (*id.* at ¶ 35); (3) a two level increase because the defendant used his computer to order the videos/material in question (*id.* at ¶ 36); and (4) a three level increase because the videos involved at least 150, but fewer than 300, images (*id.* at ¶ 37). Nouwen's adjusted offense level of 30 (*id.* at ¶ 41) was reduced by three levels to a total offense level of 27 (*id.* at ¶ 45) based upon the defendant's acceptance of responsibility (*id.* at ¶¶ 43-44). "Based upon a total offense level of 27 and a criminal history category of I, the guideline imprisonment range is 70 to 87 months." (*Id.* at ¶ 75.) Nouwen filed no objections to the presentence report (*compare* Doc. 16 ("To date [March 8, 2013], the defendant, through counsel, has not filed objections.") *with* Docket Sheet (no objections to the presentence report filed by the defendant)); instead, two days prior to sentencing, on May 18, 2013, Nouwen's attorney

---

[4]     The results of a polygraph examination administered to Nouwen on September 26, 2012 were inconclusive. (*Id.* at ¶ 17.)

filed a sentencing memorandum and motion for downward departure/variance on behalf of his client (Doc. 21). It is clear that Nouwen's attorney had no problem with the "content" of the report or, more importantly, the calculations set forth therein (*compare* Doc. 37, Sentencing Transcript, at 4 ("THE COURT: . . . I note that there are no written objections to the report. Are there any matters that we need to take up with regard to the content of the report at this time, Mr. Armstrong? MR. ARMSTRONG: No, Your Honor. . . . THE COURT: Then the Court will adopt to Presentence Report as published, noting that the Sentencing Guidelines have been accurately calculated[.]") *with* Doc. 21, at 3 ("The PSR calculates the guideline range correctly[.]")); however, it was counsel's fervently argued position that the guideline range of 70 to 87 months set forth in the presentence report was of little aid to the Court in deciding on proper sentencing since "the child pornography guideline is irrational and incompatible with § 3553(a),"[5] and there existed justification for the Court to vary downward.[6] (*Compare* Doc. 21, at 4 & 4-20 *with* Doc. 37, Tr. 4-13.) Counsel impressed upon the Court its responsibility under § 3553 to "look at Robert Nouwen and sentence him as he stands before you today, not based on who he may have been 30 years ago or 40 years ago or 50 years ago[]" (Doc. 37, Tr. at 5; *see also id.* at 7 & 8 ("[H]e made his admissions as to his past. . . . But that is something

---

[5]    According to defense counsel, the child pornography guideline produces irrationally high sentencing results because 7 of the 12 level enhancements are inherent in most child pornography cases (that is, images of prepubescent minors, use of a computer, and the number of images) and constitute impermissible double counting (Doc. 21, at 4-10; Doc. 37, Tr. 9), and the Court should not apply the five level increase under § 2G2.2(b)(5) of the guidelines given the parties' agreement that the defendant was "a low risk to re-offend because of the remoteness of the physical contact (30+ years), his advanced age and health, and the fact that he passed a polygraph regarding the remoteness of the last contact." (Doc. 21, at 10; Doc. 37, Tr. 9-10.)

[6]    Counsel urged downward departure based upon Nouwen's advanced age and physical condition, the letters of support, the collateral consequences of his plea (including his public humiliation and having to register as a sex offender), the low risk that he will re-offend, his lack of a prior criminal record, and his remorse. (*Compare* Doc. 21, at 12-19 *with* Doc. 37, Tr. 11-13.)

that happened from his 20's to sometime in the 40's, but he sought help for that and he sought counseling for that and he stopped that. . . . And since that time, for the past 30-plus years, he's been a good man. The letters that have been submitted to the Court are based on people who know him during this period of time. And he was a good husband. He cared for his wife, who died, unfortunately, this past year, and she was disabled at the time. . . . And he cared for others, . . . people that were shut-ins and people that were ill. And he visited people, he helped people, and he was a good man during this period of time. And[,] again, that is the man who stands before you today is the man that . . . these people know for the last 30-plus years. And these good acts, these kind acts should count for something, Judge. And[,] of course, he's exhibited extreme remorse. Now, again, 3553 requires that you sentence him as he stands here today.")),[7] and, therefore, requested a probationary sentence or "some type of home confinement[.]" (*Id.* at 13.) After hearing from the government (*id.* at 14-17) and a brief response to the government's position by defense counsel (*id.* at 17-18), the Court prefaced its sentencing of Nouwen to the low-end guidelines of 70 months, as "bargained for with the United States[]" (*id.* at 23; *see also id.* at 24), with the following comments:

> THE COURT:  All right. Mr. Armstrong, I guess I'll start with a question. It occurs to me, and I may be wrong about this, that in child abuse cases, I know in rape cases, the State of Alabama eliminated the statute of limitations . . . a number of years ago, and I don't know whether that applies to child sexual abuse or not. Do you know offhand?

---

[7]     Nouwen made the following statement on his behalf: "There's really not much I can add to what my attorney has already said except to reiterate the fact that those acts of my past are things that have been in my mind and I have grieved over for many, many years. And it is quite a burden to have to carry these things with you. And if there was any way I could turn them around, I would. But as you know as well as I do, we can't change the past but we can change the future. And I hope that the Court will take into consideration the fact that I have done good in my life as well as having done those things that I am sorry for, and I just ask the Court to be merciful." (*Id.* at 13-14.)

MR. ARMSTRONG:  The statute of limitations, it's my understanding, has not expired within the State of Alabama for offenses that may have arisen within the State of Alabama.

THE COURT:  Right. And I guess that is the foundation of my point that the past is never really the past when it comes to sexual abuse of children and even sexual abuse of adults. A number of years ago, . . . a number of states . . . eliminated the statute of limitations so that these cases can be prosecuted well into the future for events that occurred well in the past. And I guess that's my point. The past is not really the past when it comes to these kind of offenses. That's one of the things that I have to consider here today.

I have a lot of information before me, the information that has been presented today in court through argument of counsel, through Mr. Nouwen's statements. I have your sentencing memorandum which I've considered, a number of letters that have been written on Mr. Nouwen's behalf which I have read and do consider.

I have information about the nature of the offense as well as Mr. Nouwen's personal history and characteristics, his lack of criminal history, and the other matters and other factors that have been presented here to me today. And[,] of course, I'm required to take that all into account before I can come up with a sentence that's supposed to be fair and reasonable, sufficient but not more than necessary to accomplish the sentencing objectives set forth in the statute.

And I guess on one hand, Mr. Armstrong, I agree with you. This, you know, the nature of the offense, in the range of the kinds of offenses that I've seen in the past regarding possession of child pornography, perhaps this doesn't rate as one of the worst cases I've ever seen. There are certainly arguments for and against the application of the Guidelines in these kinds of cases, child pornography cases.

And I'll tell you I've attended meetings in which that has been the discussion and that there's certainly some research going on right now and some pushback from the Sentencing Commission and others to adjust the Guidelines to perhaps lower the range of punishment for these kinds of offenses.

Those principles . . . may be out there, but they certainly haven't produced any effect with regard to application of the Sentencing Guidelines . . . but it's something that I can consider when attempting to fashion a sentence.

I've considered the things that you've presented here today, the history of Mr. Nouwen in more recent years, the letters which speak to his good conduct, the agreement[] or . . . maybe a stipulation that he is a low risk to offend, the fact that he appears to be remorseful, his age and

his medical condition, and the other arguments that have been made by Counsel.

If Mr. Nouwen had no history of sexual abuse and stood before me at his age and in his condition, having purchased the videos that are the subject of this indictment, I don't know that the Government would be pushing to even charge him in this case, or maybe perhaps there would have been some accommodation made before it got to me, but it didn't.

And I understand why it didn't - - there wasn't an accommodation made between the Defendant and the Government[] because the Presentence Report outlines a pretty severe history of child sexual abuse by Mr. Nouwen over an extensive period of time.

There are a couple of things that stand out to me about that history and a couple of things that trouble me. Perhaps the greatest is the conflict between Mr. Nouwen's statement and the statement of his own son. Mr. Nouwen says that the sexual abuse of his own son was only brief and limited in a period of time, over a period of time. The son says it occurred over an extensive period of time, from age five to 15, as I recall.

Another thing that is troubling . . . and it cuts against the remoteness argument. The remoteness argument is that the child sexual abuse stopped at some point many years ago, but here we have Mr. Nouwen purchasing child pornography in recent years, which is an indication of something. I don't know what it is, but it's an indication that he has a propensity to engage in illegal conduct which involves minor children. That's troubling.

The other part about all of this is that none of this is the result of an irresistible impulse. This is all controllable. There is nothing that forced Mr. Nouwen to commit the acts that he committed over an extensive period of time, and there's nothing that forced him to purchase this illegal child pornography in recent years except his own volition. He did it voluntarily.

As I said, this is not an irresistible impulse. It may feel like it, but it's not. It's controlled conduct, and it was controlled. And this history of abuse and a more recent history of committing a crime in violation of the Federal laws is an indication that perhaps there hasn't been this correction in character.

Mr. Armstrong, you're right, every case is different, and I must look at each case individually and look at the unique characteristics of each defendant before I impose a sentence. And here, as I started, the past is not really the past. It's something that Mr. Nouwen has to live with and we all have to live with.

And Ms. Murphy is right. All of the institutions that Mr. Nouwen dealt with over the years, whether it was his own orphanage to being involved on his own with church, with scouting, with the other institutions, schools and that kind of thing which he participated in crimes against small children, is an indication that the system failed all along the way. And you know, there are reports in the Presentence Report where it came to light, this child abuse came to light, and yet it was ignored, people turned their heads and moved on and, of course, Mr. Nouwen moved on in a way that allowed him to continue to sexually abuse children over a period of years.

You know, when I look at all of that, I can't say that the Guidelines are out of range in this case, I really can't. They are what they are. I would be more than willing to consider something under the Guidelines if this was a different case, but it's not a different case. It is the case that I've been presented with here today, and it's my opinion that a hard decision has to be made, and the impact of that decision is something that Mr. Nouwen will have to live with.

And the decision is that I will sentence Mr. Nouwen at the low end of the Guidelines. That's the sentence he bargained for with the United States. I will give him the benefit of that bargain but nothing more. And accordingly, a sentence of 70 months is the sentence that will be imposed in this case.

(*Id.* at 18-23; *see also* Doc. 22 (judgment in a criminal case signed by Chief Judge Steele on June 4, 2013, and reflecting a custodial sentence of 70 months).)

Nouwen filed written notice of appeal from the sentence on June 11, 2013. (Doc. 24.) Retained trial counsel, Gordon G. Armstrong, III, Esquire, was allowed to withdraw on June 25, 2013 (Doc. 32; *compare id. with* Doc. 30) and the Federal Public Defender's office was appointed to represent Nouwen on appeal (Doc. 32). Approximately four months after the notice of appeal was filed, that is, on October 22, 2013, the Eleventh Circuit Court of Appeals dismissed Nouwen's appeal pursuant to the appellant's "motion for voluntary dismissal (joint stipulation of the parties)[.]" (Doc. 40, Entry of Dismissal.) The undersigned need look no further than the plea agreement, as reiterated during the guilty plea proceeding, to find the reason for the parties stipulating to dismissal of the appeal inasmuch as Nouwen waived the right to attack his sentence,

with the exceptions that he could attack his sentence if that sentence was in excess of the statutory maximum or constituted an upward departure or variance from the advisory guideline range. (Doc. 11, at 7-8; *see also* Doc. 36, Guilty Plea Tr. at 6 (setting forth these exceptions and also advising Nouwen that he did not waive his right to raise any claim of ineffective assistance of counsel).) In this case, of course, Nouwen's sentence (of 70 months, that is, 5 years and 10 months) was not in excess of the 10-year statutory maximum, *see* 18 U.S.C. § 2252A(b)(2), nor did it constitute an upward departure from the advisory guideline range inasmuch as he was sentenced at the low end of the guideline range (that range being 70 to 87 months) (*see* Doc. 15, at ¶ 75). Since there was no basis to attack his sentence, the parties properly stipulated to dismissal of the appeal. (*See* Doc. 40.)

A little shy of one year to the day after the Eleventh Circuit's October 22, 2013 entry of dismissal of his direct appeal, that is, on October 20, 2014, Nouwen filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 41.) Therein, Nouwen seeks a reduction in his sentence to a low-end guidelines sentence without consideration of the five-level enhancement under § 2G2.2(b)(5) for his past history of sexual activities with minors (*see id.* at 13) for two reasons: (1) his right to be free from self-incrimination was violated when Kevin Boyle, the investigator who administered the polygraph examination, told him that any acts older than 20 years were covered by the statute of limitations and could not be used against him and then Boyle asked him to type his (Boyle's) handwritten notes which were then presented as his "voluntary confession" (*id.* at 4; *see also id.* at 14-15); and (2) his right to due process was violated when the Assistant United States Attorney stated during the sentencing hearing that he was guilty of rape (*id.* at 5; *see also id.* at 15). It is important

to note that petitioner nowhere asserts a claim of ineffective assistance of counsel nor does he attack the voluntary and knowing nature of his plea[8] (*see* Doc. 41, at 3-15).

## CONCLUSIONS OF LAW

Section 2255 reads, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4 of the Rules Governing Section 2255 cases states that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). Because this rule is all but identical to its § 2254 counterpart, *see* 28 U.S.C. foll. § 2254, Rule 4, it is clear that a district court has the authority under this rule to dismiss frivolous habeas petitions prior to any answer by the United States. *Acosta v. Artuz*, 221 F.3d 117, 123 (2nd Cir. 2000) ("[T]he authority to raise [ ] procedural defenses *sua sponte* is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b)."); *see Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004) (per curiam) ("The critical difference between the ordinary civil case and a habeas case involves Rule 4 of the Rules Governing Section 2254 cases . . . . The Fifth, Fourth, and Second Circuits have concluded that '[t]his rule differentiates habeas cases from other civil cases with respect

---

[8]    *See McMann v. Richardson*, 397 U.S. 759, 772, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).

to *sua sponte* consideration of affirmative defenses.' . . . The Advisory Committee Notes to Rule 4 state that a federal district court has 'the duty . . . to screen out frivolous applications.'"), *judgment aff'd sub nom. Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (finding that a district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state."); *Emerson v. United States*, 2004 WL 743914, *1 (N.D. Tex. Apr. 7, 2004) ("Respondent United States of America [ ] has not filed an answer, but the Court has reviewed Emerson's pleadings and finds that his petition should be denied. *See* Rule 4 of the Rules Governing Section 2254 Cases . . . and Rule 4(b)[,] Rules Governing Section 2255 Proceedings[.]"), *cert. denied*, 541 U.S. 1081, 124 S.Ct. 2435, 158 L.Ed.2d 996 (2004); *United States v. Gray*, 1996 WL 228461, *16 (N.D. Fla. Apr. 24, 1996) ("Finally, Judge Coffin noted [in concurring in part and dissenting in part in *United States v. Quin*, 836 F.2d 654, 658-659 (1st Cir. 1987)] that federal courts are not helpless to manage frivolous habeas or post-conviction petitions. Patently frivolous claims may be dismissed summarily without answer by the Government.").

As outlined above, Nouwen signed the Plea Agreement on December 13, 2012. (Doc. 11, at 10.)  Per the terms of the agreement, Nouwen waived his right to file any "motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255." (*Id.* at 7.) "It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir.), *cert. denied*, 546 U.S. 902, 126 S.Ct. 246, 163 L.Ed.2d 226 (2005); *see also United States v. Bushert,* 997 F.2d 1343, 1350 (11th Cir. 1993) ("We agree with the basic reasoning of our sister circuits that sentence appeal waivers may be enforced. However, just as a guilty plea must be made knowingly and voluntarily to be effective, so must a sentence appeal waiver." (internal citation

omitted)), *cert. denied,* 513 U.S. 1051, 115 S.Ct. 652, 130 L.Ed.2d 556 (1994). The *Williams* court, for the first time, determined that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." *Id.* at 1342. The Eleventh Circuit "will enforce a sentence appeal waiver if the government demonstrates either that '(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver.'" *Lattimore v. United States*, 185 Fed. Appx. 808, 810 (11th Cir. Jun. 19, 2006),[9] quoting *Bushert, supra*, 997 F.2d at 1351. Therefore, when it is determined that a petitioner has knowingly and voluntarily waived his right to attack his sentence collaterally, he is barred from pursuing collateral relief under § 2255 even based on ineffective assistance of counsel at sentencing, *see Patel v. United States,* 252 Fed.Appx. 970, 974-975 (11th Cir. 2007) (a valid sentence-appeal waiver precludes both direct appeal and collateral review of both the sentence and conviction but does not bar a claim explicitly challenging the validity of the guilty plea or the appeal waiver based on ineffective assistance of counsel), *cert. denied,* 553 U.S. 1087, 128 S.Ct. 2890, 171 L.Ed.2d 825 (2008), a claim (that is, challenging the validity of the guilty plea or the appeal waiver based on ineffective assistance of counsel) Nouwen does not make in the instant motion to vacate.

Here, as aforesaid, Nouwen does not attack the validity of his plea or the appeal waiver and certainly raises no claims of ineffective assistance of counsel. (*See* Doc. 41.) Moreover, as previously set forth in some detail, Chief Judge Steele specifically

---

[9]    "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

questioned Nouwen about the waiver set forth in the plea agreement and the record

demonstrates that petitioner understood the significance of the waiver. (*See* Doc. 36,

Guilty Plea Tr. at 6; *compare id. with* Doc. 11, at 7.) Thus, the undersigned recommends

that the Court find that the sentence-appeal waiver was knowingly and voluntarily

entered in compliance with *Bushert* and summarily dismiss Nouwen's motion to vacate

in accordance with Rule 4 of the Rules Governing Section 2255 Cases.[10]

---

[10]     Besides, petitioner's claim that Investigator Kevin Boyle violated his protection from self-incrimination (Doc. 41, at 4 & 14-15) was waived by virtue of the entry of his counseled guilty plea and need not be considered on collateral review. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that prior to the entry of the guilty plea."); *see also Spear v. Secretary, Department of Corrections*, 2006 WL 1281333, *13 (M.D. Fla. May 10, 2006) ("A defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights, including the privilege against compulsory self-incrimination . . . ."); *see United States v. Cadet*, 574 Fed.Appx. 917, 918 (11th Cir. Sept. 11, 2014) ("Cadet does not dispute that he knowingly and voluntarily entered a guilty plea. He does not argue that he lacked the benefit of competent counsel. He does not argue that he has preserved appellate review of any non-jurisdictional issues by entering a conditional plea in accordance with Rule 11(a)(2). Upon review of the record and consideration of the parties' briefs, we therefore affirm on the ground that Cadet has waived any challenge to the district court's denial of his motion to suppress. We do not reach the merits of Cadet's challenge."); *United States v. Charles*, 757 F.3d 1222, 1227 n.4 (11th Cir. 2014) ("On appeal, Charles also contends that the district court erred when it denied Charles's motion to suppress evidence obtained in the traffic stop. However, this argument was waived by Charles's guilty plea."); *United States v. Williams*, 457 Fed.Appx. 847, 849 (11th Cir. Feb. 8, 2012) ("On appeal, Williams attempts to challenge the district court's denial of his motion to suppress. However, we decline to review Williams's conviction because he unconditionally pled guilty to the § 841 drug offense and therefore waived any non-jurisdictional defect in the conviction–including the error, if any, in the denial of his motion to suppress."); *United States v. Farquharson*, 252 Fed.Appx. 982 (11th Cir. Nov. 2, 2007) ("As for Farguharson's first argument, because he entered an unconditional guilty plea, thus waiving all nonjurisdictional defects, including any challenge to the district court's denial of his motion to suppress, we will not consider the claim."). Moreover, the undersigned cannot fathom how petitioner's right to due process was abridged by the Assistant United States Attorney's comment during sentencing that he "raped" a boy decades earlier (*see* Doc. 37, Sentencing Transcript, at 15) since the presentence report, a report to which Nouwen interposed no objection, clearly recited that the defendant admitted to investigators that he had anal sex with a boy when he was approximately 32 years of age  (Doc. 15, at 6), Chief Judge Steele (not the Assistant United States Attorney) imposed sentence and nowhere specifically made mention of rape (noting only Nouwen's history of child sexual abuse), and the undersigned has just indicated that petitioner waived his claim alleging violation of his Fifth Amendment right to protection from self-incrimination.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).  Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the sentence-appeal waiver in this case, a reasonable jurist could not conclude that this Court is in error for summarily dismissing Nouwen's motion to vacate, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims. *Cf. Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an

objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge **RECOMMENDS** that petitioner's motion to vacate, set aside or correct his sentence (Doc. 41) be **SUMMARILY DISMISSED** because his motion and the record of prior proceedings plainly reflect that he is not entitled to relief pursuant to 28 U.S.C. § 2255. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis.*

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [ ] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013)

(emphasis in original). In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection,

and specify the place in the Magistrate Judge's report and recommendation where the

disputed determination is found. An objection that merely incorporates by reference or

refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 10th day of April, 2015.

                        s/WILLIAM E. CASSADY
                        **UNITED STATES MAGISTRATE JUDGE**